## ALSBERG v. LUCERNE HOTEL CO.

(Supreme Court, Appellate Term. March 21, 1905.)

INNKEEPERS—HOTELS—WHAT CONSTITUTE—APARTMENT HOUSES.

An apartment or family hotel, containing small suites of rooms, like those found in an ordinary apartment house, which are rented upon annual leases—transient tenants not being solicited—is not a hotel, within Laws 1895, p. 974, c. 1042, providing that all persons shall be entitled to equal accommodations and privileges in hotels and other places of public accommodation; and the proprietor of such an establishment is under no obligation to accept a tenant, for an annual lease, whom he does not desire.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Tillie Alsberg against the Lucerne Hotel Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Mayer & Gilbert, for appellant.
Hardy & Shellbarger, for respondent.

BLANCHARD, J. The plaintiff brings this action to recover a penalty of $500 for an alleged violation by the defendant of chapter 1042, p. 974, of the Laws of 1895, which provides that:

"All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels * * * and all other places of public accommodation."

It appears from the prospectus of the defendant company, put in evidence by the plaintiff, that it controls and manages what is known as an apartment or family hotel, called "The Lucerne," in the borough of Manhattan, city of New York. The apartments are arranged in small suites, differing in no essential respect from those in an ordinary apartment house furnishing similar accommodations for small families. These apartments are rented upon annual leases, and transient tenants are not solicited. The plaintiff desired to rent apartments in this building for the term of one year at the rental of $750. The defendant received her written application for this lease, and two days thereafter notified her in writing to the effect, in substance, that they declined to accept her as a tenant, because she was a Hebrew. Thereupon the plaintiff brought this action. At the trial the complaint was dismissed for failure of proof. This was a proper disposition of the issue. The defendant does not keep a hotel, within the meaning of the statute. The legal definition of a "hotel" or "inn" is:

"A house where all who conduct themselves properly, and who are able and ready to pay for their entertainment, are received, if there is accommodation for them, and who, without any stipulated engagement as to the duration of their stay or as to the rate of compensation, are, while there, supplied, at a reasonable charge, with meals, their lodgings, and such service and attention as are necessarily incident to the use of the house as a temporary home." Cromwell v. Stephens, 3 Abb. Prac. (N. S.) 26; Matter of Brewster, 39 Misc. Rep. 689, 80 N. Y. Supp. 666.

Tested by this definition, The Lucerne is certainly not a hotel; and, when the defendants refused to lease apartments to the plaintiff, they exercised only the right which every landlord undoubtedly has to make his own selection of tenants.

In the recent case of Shearman v. Iroquois Hotel & Apartment Company, 85 N. Y. Supp. 365, the Appellate Term of this court held that the relations between a lessee of apartments in an apartment hotel and the lessors were those of landlord and tenant, and therefore the landlord of such a hotel could not have a lien for unpaid rent on the tenant's property upon the premises.

The judgment should be affirmed, with costs. All concur.