HAROLD H. HACKETT, Plaintiff, *v.* BELL OPERATING COMPANY, INC., Defendant.

First Department, February 15, 1918.

**Landlord and tenant — innkeepers — facts not establishing relation of innkeeper and guest so as to render former liable as such for property stolen.**

Where the plaintiff leased four rooms in a hotel from the defendant for a period of six months to be occupied solely as private living rooms and said rooms were so used, the relation between the parties was that of landlord and tenant, and not innkeeper and guest, and, hence, the plaintiff is not entitled to enforce the innkeeper's liability against the defendant and recover for certain tennis trophies stolen from his room during his absence by some person unknown either to him or the defendant.

An innkeeper's liability exists only in the case of one who is a traveler and seeks the hospitality of the inn as a transient guest.

LAUGHLIN, J., dissented.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*John Delahunty,* for the plaintiff.

*Arnold L. Davis* of counsel [*N. Raymond Heater* with him on the brief; *Parker, Davis & Wagner,* attorneys], for the defendant.

SMITH, J.:

The plaintiff occupied a suite of rooms in the Hotel Netherland, located at Fifth avenue and Fifty-ninth street in the borough of Manhattan. During his absence for two or three days from those rooms, certain tennis trophies that he had won in various tournaments were stolen from his room by some person unknown either to the plaintiff or defendant. The agreed value of these trophies is $940. For that amount the plaintiff asks judgment against the defendant, which was operating said hotel, claiming liability therefor on account of the duty claimed to be owing to him as the defendant's guest. The defendant's answer to the claim is that the plaintiff was not defendant's guest but was its roomer or tenant to whom the defendant owed no other duty than that of reasonable care.

First Department, February, 1918.          [Vol. 181.

It is unnecessary to cite many authorities upon the question presented because the authorities have been so thoroughly collected and discussed in an able opinion written by Mr. Justice COCHRANE of the Third Judicial District in the case of *Crapo* v. *Rockwell* (48 Misc. Rep. 1). In that opinion it is made clear that an innkeeper's liability, which is sought here to be enforced, exists only in the case of one who is a traveler and seeks the hospitality of the inn as a transient guest. To those the innkeeper under the common law owed an extraordinary duty of protection, both of person and of property. The case of *Hancock* v. *Rand* (94 N. Y. 1) has probably gone further than any other case in giving a liberal construction of this liability to a traveler and a transient guest, but that case is so fully explained in the opinion of Mr. Justice COCHRANE that I can add nothing by further discussion here. The only question that remains is whether the facts of this case are such as to bring it within the rule of law there construed.

It seems that the plaintiff has a house in the city of New York at 326 West One Hundred and Eighth street, but this house he did not occupy, and pursuant to the facts as agreed between the plaintiff and the defendant: The "plaintiff occupied the premises therein referred to [to wit, the apartment specified] as his only New York City residence for the term therein mentioned." The agreement between the plaintiff and defendant is dated the 5th day of October, 1915. The apartment, consisting of four rooms, was rented for the term of six months from the 1st day of October, 1915, to the 1st day of April, 1916, "and not to exceed one year, to be occupied as private living apartments and for no other purpose whatever, at the weekly rental of $90.00," pursuant to certain restrictions.

The first restriction is that the tenant shall pay "rent" as aforesaid as the same shall fall due.

The second is that the tenant shall not assign or underlet the lease or the demised premises without the written consent of the landlord.

The third is that the said rooms shall be used as residence and sleeping apartments, and for no other purpose whatever; that no cooking shall be done therein, nor shall any meals be served therein except by the landlord.

The fifth is that the tenant shall abide by and conform to any rules and regulations which the landlord shall deem essential or proper.

The sixth is that the landlord will, without charge, furnish such services as are usual and customary in the management and conduct of a first-class hotel and hotel business.

Under these facts it is difficult to perceive how the plaintiff can properly claim to be either a traveler or a transient guest. His occupation was for a definite term of six months which might be extended to a year if the plaintiff so chose. The contract clearly contemplates the relation of landlord and tenant and expressly so designates the parties thereto, and not the relation of innkeeper and guest. The property that was stolen was property that would not naturally be carried by a traveler or transient guest but is property that would naturally be kept in a permanent or temporary home or dwelling house. If the defendant be liable for these tennis trophies, it would also be liable for expensive oil paintings with which the plaintiff might decorate his room or for expensive rugs which he might lay upon his floors, property that would not under ordinary circumstances be brought into the apartment by a traveling guest. It would seem clear that under the facts in this case the relation between the plaintiff and defendant was that of tenant and landlord and not that of guest and innkeeper from which the extraordinary liability sought here to be enforced might arise.

I recommend judgment for the defendant, with costs.

SCOTT, DOWLING and DAVIS, JJ., concurred; LAUGHLIN, J., dissented.

Judgment ordered for defendant, with costs. Order to be settled on notice.