WAITT CONSTRUCTION COMPANY, INC., Appellant, *v.* AMANDA CHASE, Respondent.

First Department, May 27, 1921.

Landlord and tenant — action for rent of unfurnished apartment in apartment hotel — defense that rent is unjust and unreasonable — " hotel " as used in Laws of 1920, chapter 136, § 9, as added by chapter 944 of Laws of 1920, defined — apartment hotel not within meaning of statute — complaint properly dismissed for failure to file bill of particulars prescribed by said statute.

An apartment hotel in New York city containing 15 rooms furnished by the proprietor for transient guests, and 125 rooms divided into suites and rented unfurnished on term leases, is not a hotel within the meaning

of section 9 of chapter 136 of the Laws of 1920, as added by chapter 944 of the Laws of 1920, excepting rooms in a hotel containing 125 rooms or more, though there are no cooking facilities in any of the rooms, and the proprietor of the hotel maintains a restaurant in the building which is open to the occupants thereof as well as to the outside public and furnishes full service to the guests in the way of chambermaids, porters, scrubwomen and other servants.

The purpose of said statute was to protect and furnish housing facilities for dwellers within the cities contemplated by the act and was not intended to apply to transients or travelers passing through the city.

The fact that plaintiff's apartment hotel had fifteen rooms which were used for transient guests does not bring it within the exception in said statute.

Accordingly, in an action to recover rent for an apartment in said hotel, in which the defendant interposed the defense that the rent was unreasonable and unjust and that the agreement under which the same is sought to be recovered was oppressive, the complaint was properly dismissed where the plaintiff failed to file the bill of particulars prescribed by chapter 944 of the Laws of 1920.

APPEAL by the plaintiff, Waitt Construction Company, Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of February, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the defendant.

*Francis M. Scott* of counsel [*Frederic H. McCoun*, attorney], for the appellant.

*Sylvester Ryan* of counsel [*Joseph Glass* with him on the brief; *Olcott, Bonynge, McManus & Ernst*, attorneys], for the respondent.

SMITH, J.:

The action is for rent for the month of October, 1920, for rooms in a building known as the George Washington at No. 116 West Seventy-second street in the city of New York. The defendant held under a written lease dated April 9, 1920. The only defense interposed was that the rent sought to be recovered for the rooms is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive. This form of defense in an action for rent is provided for by chapter 944 of the Laws of 1920, which

amended generally and superseded chapter 136 of the Laws of 1920. Section 9 of chapter 136, as added by chapter 944, provides specifically: " This act shall not apply to a room or rooms in a hotel containing one hundred and twenty-five rooms or more, or to a lodging house or rooming house occupied under a hiring of. a week or less." The whole controversy in the Municipal Court turned upon the question whether or not the George Washington was an " hotel," the court finding that it was not an hotel and, therefore, inasmuch as the plaintiff had not filed the bill of particulars prescribed by chapter 944 of the Laws of 1920, the complaint was dismissed.

The facts in the case are practically undisputed. The building in question covers a plot 50 by 100 feet, and is fifteen stories in height. On each floor above the first floor there are ten rooms and six bathrooms, which in general are broken up into suites or units of two rooms and a bath, there being in all about one hundred and forty rooms. There are eighty-two suites in the building. Of these fifteen are fully furnished by the owner and reserved for the use of transient guests. The remainder of the suites are presumably rented on term leases and are furnished by the tenants who 'occupy them. There is a safe kept in the office, and notices are posted in the rooms warning guests to deposit their jewelry and valuables. There are no cooking facilities in any of those rooms, no kitchen or kitchenette. The plaintiff maintains a restaurant in the building which will accommodate about 100 persons and which is open to the occupants of the building, as well as to the outside public. The plaintiff furnishes the full service to the guests, employing about 37 persons. This includes chambermaids, porters, scrubwomen, boys to operate the elevators and to go on errands. There is a housekeeper who is on duty night and day. The building has upon it the sign " George Washington," and there is also a sign on the front of the building " Non-housekeeping apartments." The lease itself. between the plaintiff and the defendant describes the plaintiff as the landlord and the defendant as tenant and states that the premises are " to be occupied as a strictly private dwelling apartment."

Chapter 136 of the Laws of 1920 includes within the opera-

tion of the statute " premises  *  *  *  occupied for dwelling purposes " and expressly excepts from the operation of the statute " a room or rooms in a hotel, lodging house or rooming house."

Chapter 944, which in form amended chapter 136 by amplifying that statute and adding additional sections thereto, states the exception as follows: " § 9. This act shall not apply to a room or rooms in a hotel containing one hundred and twenty-five rooms or more, or to a lodging house or rooming house occupied under a hiring of a week or less." There is no doubt that a distinction is made between apartment houses, so called, and apartment hotels, so called. Apartment houses are generally understood as those houses which contain apartments to which is attached a kitchen, wherein it is contemplated that the family shall do its own cooking. An apartment hotel, so called, is generally understood to apply to those houses which contain non-housekeeping apartments without a kitchen or cooking facilities, wherein the proprietor furnishes a restaurant for feeding the occupants of the different apartments. Within this terminology the George Washington might be classed as a hotel, because the apartments were rented without cooking facilities and without kitchens. The room service was furnished by the owner of the apartment. The care of the rooms was provided by the proprietor and not by the individual tenants, and it may be strongly argued that there were present full hotel accommodations. But, with these facts acknowledged, the question is not fully answered as to whether what is generally called an apartment hotel is within the contemplation of the law which excepts hotels from the operation of the act in question. In order to ascertain what was meant in that statute by the use of the word " hotel," it is most important that we examine not only the phraseology of the statute, but the purpose of the statute. It seems clear that the purpose of the statute was to protect and furnish housing facilities for dwellers within the cities contemplated by the act. The Legislature had no concern with transients or travelers passing through the city. This is emphasized by the remaining provisions of this very section 9, which exempts lodging houses and rooming houses " occupied under a hiring of a week or less." Apparently one

who hires a room in a lodging house or rooming house for more than a week is deemed to an extent a dweller in the city and not a mere transient or traveler temporarily stopping in the city.

The hotel, as it was first called, was the old inn, which is well defined as " A house of entertainment for travelers," or " A house where a traveler is furnished, as a regular matter of business, with food and lodging while on his journey." In 22 Cyc. 1070, note 2, it is said: " The words ' hotel ' and ' tavern ' are usually used as synonymous with ' inn; ' and a hotel or tavern which is maintained for the accommodation of travelers is an inn." Further, " an inn or hotel is a house where all who conduct themselves properly and who are able and ready to pay for their entertainment are received, if there is accommodation for them, or who, without any stipulated engagement as to the duration of their stay or as to the rate of compensation, are, while there, supplied at a reasonable charge with their meals, their lodging and such services and attention as are necessarily incident to the use of the house as a temporary abode." (Citing *Matter of Brewster*, 39 Misc. Rep. 689.) In 14 Ruling Case Law (p. 492) it is said: " He [the innkeeper] is distinguished from the proprietors of other public houses of entertainment in that he publicly holds out his place as one where all transient persons who choose to come would be received as guests." At page 494 the text reads: " It has frequently been held that the term ' hotel ' is synonymous with ' inn,' and that the definition of an inn comprises a hotel, and in some jurisdictions, the word ' tavern ' is also considered synonymous with ' hotel ' and ' inn.' "

That this defendant would not be entitled to the rights of a guest at an inn has been settled in this department in the case of *Hackett* v. *Bell Operating Co., Inc.* (181 App. Div. 535). In that case the plaintiff had leased four rooms in the Netherland Hotel in New York city at the corner of Fifty-ninth street and Fifth avenue to be occupied solely as private living rooms, and it was held that the relation was that of landlord and tenant and not that of innkeeper and guest. It was further held that an innkeeper's liability exists only in the case of one who is a traveler and seeks the hospitality of the inn as a transient guest. These cases are only pertinent as

bearing upon the meaning of the word "hotel," as used in the exception specified in the statute, and as showing the clear distinction between the rights of transients or travelers, socalled, at an inn, and permanent guests therein, and this distinction has a greater significance when we consider that the object and purpose of this law was to furnish housing facilities to dwellers within the city of New York, and not to transients, and to protect such dwellers from oppressive and unreasonable exactions for rent.

It is true that upon the evidence this George Washington had 15 rooms for transients. The remaining rooms were not furnished by the owner of the apartment, but were furnished by the tenants. The logical inference that can be drawn from the provision that the act does not apply to a hotel containing 125 rooms or more is that such a hotel must contain 125 rooms or more for hotel purposes, that is, for use by or in connection with the entertainment of transient guests in accord with the primary meaning of the word "hotel." If a building which was occupied for a hotel contained rooms not fitted up for hotel purposes, such rooms in my judgment should not be included in the number of 125 rooms required in an hotel in order to exempt such building from the provision of the statute. It has been held that an hotel to which persons resort for health and pleasure only, and not for entertainment in the course of a journey, is not an inn. Therefore, an hotel at a watering place is a boarding house, and may reject guests at pleasure. (*Bonner* v. *Welborn,* 7 Ga. 296; *Southwood* v. *Myers,* 3 Bush [Ky.], 681; *Kisten* v. *Hildebrand,* 9 B. Mon. [Ky.] 72.) If the use of these 15 rooms for hotel purposes gives this building the character of an hotel so as to exempt it from the laws of 1920, the use of 10 rooms for hotel purposes would also exempt it. The use of 5 rooms or the use of 2 rooms would exempt it. To hold that the use of any number of rooms for hotel purposes would bring the building within the exemption of the statute, because it had 125 rooms used for other purposes than hotel purposes, would be against all reasonable interpretation of the statute.

If we grant, therefore, that, as to these 15 rooms kept for transients, the George Washington was kept as an inn or hotel within the meaning of the statute, inasmuch as 125 rooms were

not kept for hotel purposes, the plaintiff does not come within the exception in the statute, and it follows that the determination of the Appellate Term must be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Determination affirmed, with costs.