CHARLES M. DIXON, Respondent, *v.* LOTTIE ROBBINS, Appellant.

Hotels — fire escapes — negligence — meaning of word "hotel" in statute requiring placing of ropes or other appliances in rooms where there are no fire escapes on outside of building — statute does not apply to lodging house where no meals are furnished and which is not held out as hotel — lodger injured in fire may not recover for failure to comply with requirements of statute.

1. In construing section 205 of the General Business Law (Cons. Laws, ch. 20) requiring hotels, where there are no fire escapes on the outside of the building, to place in the rooms a " rope or other better appliance to be used as a fire escape," it must be presumed that the word " hotel " was used according to its common acceptance and is synonymous with the word " inn," which at common law meant a place where a traveler is furnished with both lodging and entertainment, including food.

2. The statute, therefore, does not apply to a building maintained as a lodging house, where rooms are rented to transients or more permanent guests only after price is agreed upon, where no food is furnished, no public rooms are maintained and no other entertainment

or service is provided; which keeps no register and which is not held out to the public as a hotel. A guest who is injured by a fire in such a building may not recover from the owner for failure to comply with the statutory provisions.

*Dixon* v. *Robbins,* 220 App. Div. 746, reversed.

(Argued June 21, 1927; decided July 20, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 6, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.

*Floyd E. Whiteman* for appellant. The court erred in submitting to the jury as questions of fact whether the Alpine was a hotel and the defendant a hotelkeeper at the time of the fire, and in declining the defendant's requests to charge that the Alpine was not a hotel and the defendant was not a hotelkeeper at the time of the fire. (*Cromwell* v. *Stephens,* 3 Abb. Pr. [N. S.] 26; *Alsberg* v. *Lucerne Hotel Co.,* 92 N. Y. Supp. 851; *Herter* v. *Dwyer,* 129 N. Y. Supp. 505.)

*Edwin J. Carpenter* for respondent. It was a question of fact for the jury whether or not the Alpine was a hotel, and the jury's finding that it was is amply supported by the evidence. (*Huntley* v. *Stanchfield,* 168 Wis. 119; *Commonwealth* v. *Weatherby,* 101 Mass. 214; *Pinkerton* v. *Woodward,* 22 Cal. 557; *Johnson* v. *Chadbourne Finance Co.,* 98 Minn. 310; *Nelson* v. *Johnson,* 104 Minn. 440; *Metzler* v. *Terminal Hotel Co.,* 135 Mo. App. 410.) A strict and narrow construction of the word "hotel," as used in section 205 of the General Business Law, would defeat the object and purpose of the statute. (*Gillespie* v. *Minberg,* 4 Daly, 318; *Public Service Comm.* v. *Booth,* 170 App. Div. 590; *Hudler* v. *Golden,* 36 N. Y. 446; *Smith* v. *Moffet,* 1 Barb. 65; 4 N. Y. 126.)

LEHMAN, J. In January, 1924, the plaintiff occupied a room in a building which the defendant owned and

maintained. A fire occurred in the building, and the plaintiff sustained personal injuries of some severity while endeavoring to escape from the burning building. The building was not fireproof and was three stories in height. Concededly there were no fire escapes on the outside of the building, and no " rope or other better appliance to be used as· a fire escape " had been placed in the room occupied by the plaintiff as a lodging room, as required by section 205 of the General Business Law [Cons. Laws, ch. 20], if the building of the defendant was a " hotel " within the meaning of the statute.

The trial judge submitted to the jury, as a question of fact, the determination of whether or not the building was a hotel. The jury found a verdict in favor of the plaintiff. Upon the undisputed evidence it seems plain to us that the defendant's building is not a hotel.

In front of the building there was a sign: " New Alpine. Rooms by the day, week or night." The building contained about thirty-five rooms that could be used for lodgings. Some of the rooms were rented for light housekeeping, and the defendant did not take care of the rooms so rented. The other rooms were rented by the day, week or night, or even for part of a night. The price was always stated when the rooms were rented and in each room there was a sign: " Room rent paid in advance." As long as any rooms were vacant the defendant would rent to any person who applied. The defendant kept no register. The building had no office or public room. The rooms had no call bells or speaking tubes. No meals were served to lodgers in the building and no other service provided except in the care of the rooms. The plaintiff had occupied his room for two or three months before the fire, and by agreement paid three dollars a week for the room.

The Legislature did not in the statute define the word " hotel." We must presume that it intended that the word should be construed according to its common accept-

ance. In this country the term " hotel " has largely superseded the term " inn." All recognized lexicographers indicate that the words may be regarded as synonymous. In the construction of an earlier statute of a different nature, it has been said that " The terms ' inn, tavern or hotel,' mentioned in the statute, are used synonymously, to designate what is ordinarily and popularly known as an inn or tavern, or place for the entertainment of travelers, and where all their wants can be supplied. The words ' inn or tavern ' were so used in the prior corresponding enactments. (1 R. S. 679, sec. 10; *Overseers of the Poor of Crown Point* v. *Warner*, 3 Hill, 150). A ' hotel ' is an inn or house for entertaining strangers or travelers. An ' inn ' is a house for the lodging and entertainment of travelers." (*People* v. *Jones*, 54 Barb. 311.) In construing a much later statute it has been said: " The hotel, as it was first called, was the old inn, which is well defined as 'A house of entertainment for travelers,' or 'A house where a traveler is furnished, as a regular matter of business, with food and lodging while on his journey.' " (*Waitt Construction Co., Inc.*, v. *Chase*, 197 App. Div. 327.) In *Cromwell* v. *Stephens* (3 Abb. Pr. [N. S.] 26) the court in an elaborate opinion traced the derivation and history of the word " hotel " and reached a similar conclusion.

While none of these cases were reviewed by this court, there can be no doubt that they correctly hold that the word " hotel " is in the common acceptance of the word synonymous with " inn," especially an inn of the better class, and that the word " inn " at common law meant a place where a traveler is furnished with both lodging and entertainment, including food. Multiplication of old decisions as to the meaning of the term " inn " would be useless. Beyond possibility of dispute, in times now past a place where travelers could obtain lodging only, without other entertainment, was not an inn. It is said, however, that with changing times, the terms " inn "

or " hotel " have acquired a new significance and that any place is a " hotel " where transient guests are received and lodged. In effect the trial justice so charged the jury.

It may be that under changing conditions the common-law liability of an innkeeper may be extended by analogy and the compelling logic of particular facts to cases where at common law the person sought to be charged with that liability was not an innkeeper. The courts in some other jurisdictions have reached that conclusion. We need not analyze those decisions nor determine now whether in similar circumstances we should follow them. They present a different question, arising under different circumstances, from that now under consideration.

Here the question is only whether the Legislature intended to include in the term " hotel " a building maintained as a lodging house where rooms are rented to transients or more permanent guests only after price is agreed upon, where no food is furnished, no public rooms are maintained, and no other entertainment or service is provided; which keeps no register, and which is not held out to the public as a hotel nor seeks the patronage of transients except by the sign on its front, " New Alpine. Rooms rented by day, week or night." It may be that a building is a " hotel " within the meaning of the statute, though a person cannot receive there all the " entertainment " he might have obtained in other times at an " inn." We may not look solely to old definitions when we determine the meaning of a word which must be applied under changed conditions. Even under new conditions the term " hotel " is not applicable to a building, maintained as the evidence shows the defendant's building was maintained, with few if any of those characteristics which mark a " hotel " or " inn " as understood and defined both in legal decisions and common speech. The statute construed according to its letter and spirit does not apply to such a building. Other sections

of the General Business Law show that the Legislature did not so intend (see sections 200, 201 and especially 206).

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., KELLOGG and O'BRIEN, JJ., concur; POUND and CRANE, JJ., dissent; ANDREWS, J., absent.

Judgment accordingly.