IRMA WOLF, Appellant, v. 243 CORPORATION, Respondent.

Judgment affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.; Finch, P. J., dissents and votes for reversal and a new trial.

FINCH, P. J. (dissenting). In my opinion the judgment appealed from should be reversed and a new trial granted. There is in the case at bar no indication in the lease of any intention to incorporate therein the limitation of liability provided by section 200 of the General Business Law. This section was intended only as a limitation of the liability of an innkeeper as an insurer of the property of his guests. (*Millhiser* v. *Beau Site Co.*, 251 N. Y. 290.) It does not ordinarily apply to the relationship which existed between the parties hereto, namely, that of landlord and tenant. (*Hackett* v. *Bell Operating Co.*, 181 App. Div. 535.) It is well settled that clauses respecting limitations of and exemptions from liability are to be restricted to the express words therein contained, and such limitations will not be inferred if not expressly stated. (*Heuman* v. *Powers*, 226 N. Y. 205, 208.) In the case at bar the only provision in the lease in respect to liability for articles of jewelry was a total exemption in the event such articles were not deposited. It was in this connection only that section 200 of the General Business Law was referred to. If it was intended also to limit the liability of the defendant in respect to deposited articles as in said section provided, that fact should also have been stated in the lease, just as was stated the provision for total exemption in the case of articles not deposited. Moreover, even assuming that section 200 of the General Business Law was intended to be incorporated in the lease, still it was error to direct a verdict for the plaintiff for the limited amount of the judgment appealed from. There existed, at the least, jury questions, *first*, whether under the circumstances in the case at bar the defendant had not waived any limitation of liability; *second*, whether the defendant had complied with section 200 of the General Business Law by duly posting the necessary notices; and *third*, whether the defendant was negligent, so that the limitation in section 200 of the General Business Law would in no event apply. It follows that the judgment appealed from should be reversed and a new trial granted.