SONIA SIMMONS, Plaintiff, *v.* JACK PINSKY et al., Defendants.

Supreme Court, Westchester County, August 10, 1945.

*Charles E. Doyle* for plaintiff.

*Blank & Gambino* for defendants.

GEORGE H. TAYLOR, JR., Official Referee. This is a reference to hear and determine. The action is in equity, brought by the plaintiff to restrain the conduct of what plaintiff claims is a hotel and what the defendants Pinsky and Gartenberg assert is merely a boarding house at Lake Mohegan, Town of Yorktown. The ground of action is that defendants are violating the zoning ordinance (Building Zone Amended Ordinance of 1941 of the Town of Yorktown) (cf. *Rice* v. *Van Vranken*, 225 App. Div. 179, 180, 181, affd. 255 N. Y. 541).

The property of plaintiff adjoins that of defendants on the east. Both properties are on the shores of Lake Mohegan. Both have frontage also on the same highway known as 5 Mile Turnpike. Both are zoned residential district 03 (Building Zone Amended Ordinance, art. IV, § 1, subd. A, par [i]). Concededly the ordinance is valid. The plaintiff asserts and the defendants deny that the latter are conducting on their property a hotel, in violation of the zoning ordinance affecting such residential district, as distinguished from a boarding house which the ordinance permits. Defendants assert that they are conducting only a boarding house, concededly of some size, and urge that the institution is within the purview of the ordinance.

The action was commenced June 8, 1944. Then the defendant Margaret McCord Robinson owned the property involved, which was formerly the Lake Mohegan Military School. Defendants Pinsky and Gartenberg were then her tenants of the property. Robinson on September 28, 1944 — during the pendency of this action — conveyed the property to her former tenants, taking back a part of the purchase price in the form of purchase-money mortgages. I dismissed the complaint as to the defendant Robinson. No suggestion critical of this ruling is made. When I speak of " defendants " hereinafter, I mean only Pinsky and Gartenberg.

The complaint is predicated on the allegation that under article IV of the Building Zone Amended Ordinance, an inn or hotel is not included as a permissible use in a residential district as defined in the ordinance, and that the premises of the defendants are being conducted as a hotel.

Plaintiff, owner of the adjoining premises on which she conducts a smaller boarding house and rents bungalows and apartments in a rebuilt garage, pleads that such hotel operated by the defendants constitutes a hazard and a nuisance as to her and her property. She suggests the necessity of equitable intervention. That claim is challenged by defendants. They plead in effect that they are not operating in violation of the

ordinance and that they maintain a boarding house within the purview of its terms; also that with the terms of the ordinance they have fully complied; and as justifying their operation that a certificate of occupancy by the building inspector of the town has been duly issued to the defendant Robinson, then owner. This, it is not questioned, enures to defendants' benefit. They plead also that no nuisance is being committed by them and that the plaintiff has suffered no damage, by reason of all of which they urge dismissal of the complaint.

*In limine* defendants challenge plaintiff's right to maintain this action based on the alleged violation of the ordinance enacted for the benefit of the public; they contend that there is no allegation in the complaint that her personal or property rights have been injured (cf. *Rice* v. *Van Vranken, supra,* and cases therein cited). Such an allegation is necessary, and I think it sufficiently appears in this complaint in the form of a charge that defendants' property as now conducted " constitutes a dangerous hazard and nuisance," plus an allegation that plaintiff and other property owners are being " irreparably damaged in their property rights and in their health by the use thereof," and a further one that defendants' use of their property is damaging plaintiff and other property owners in their property rights and health. There is no plea of special damages. I admit that the allegations of damage are somewhat conclusory; but I think they are sufficient, and hence I ruled that the complaint was sufficient on its face in this phase.

Upon the evidence, or rather the lack thereof, however, I am of opinion and decide that no cause of action was established because the plaintiff absolutely failed to prove that her personal or property rights had been or would be injured by the defendants' conduct of the institution claimed by the latter to be a boarding house.

Proof of annoyance to plaintiff from the defendants' dance hall operated two nights a week is trivial and inconsequential, particularly in view of the resort character of Lake Mohegan. Evidence, also, that plaintiff's husband was annoyed on one occasion by some men on defendants' premises who were talking and yelling in the early morning is inconsequential. No special damage was alleged or proved. There was no showing that plaintiff's property had depreciated in value or that she or any one had been injured in person by the maintenance of the institution conducted by the defendants. Hence no general damages were proved. Therefore no cause of action was established by the plaintiff. Plaintiff cannot maintain this suit to

restrain the violation of the ordinance enacted for the protection of the public unless it appears that plaintiff's personal or property rights will be injured (*Rice* v. *Van Vranken*, 225 App. Div. 179, *supra*, citing *Empire City Subway Co.* v. *B. & S. A. R. R. Co.*, 87 Hun 279, affd. 159 N. Y. 555, and *Atkins* v. *West*, 222 App. Div. 308; cf. *N. Y. Cement Co.* v. *C. R. Cement Co.*, 178 N. Y. 167). She has made no such showing. Upon this ground, therefore, the complaint must be dismissed.

Assuming, however, without conceding, that the plaintiff occupies the legal position of one suffering damages within the purview of the ruling in *Rice* v. *Van Vranken* (*supra*), the defendants are entitled to a dismissal on another ground, namely, that the evidence requires a finding, which I make, that the institution complained of is, notwithstanding its size and characteristics, a boarding house permitted by the ordinance in a Residence 03 District; and not a hotel in effect excluded therefrom.

The Building Zone Amended Ordinance in its section 1 of article IV, deals with residence districts including 03, and provides: " A. In a Residence ' 01 ', ' 02 ', ' 03 ', ' 04 ' District, no building, structure or premises, or part of a building or structure shall be used, and no building, shall be erected which is arranged, intended or designed to be used, in whole or in part, for any purpose except one or more of the following with usual accessories: * * * (i) Guest, boarding and/or rooming house, provided separate toilet and bath facilities are provided for each five (5) occupants of any structure, including resident owners and/or servants. Boarding and rooming houses shall comply with Chapter VII-A of the Sanitary Code of the Department of Health, State of New York."

The terms " roomer " and " boarder " are defined as follows: " GG. A ' roomer ' is a person who is permitted for a consideration to occupy or use a room or rooms for living purposes but is not permitted to do any cooking on any part of the premises, or the building in which the room or rooms is or are located and does not partake of meals with others in such building." " HH. A ' boarder ' is a person who is permitted for a consideration to occupy or use a room or rooms for living purposes but is not permitted to do any cooking in any part of the premises, or the building in which the room or rooms is or are located. He can also partake of meals in a common dining room where meals are served which have been prepared under supervision of the house management, or other patron of such dining room who does not occupy a room or rooms in the same building or premises."

The word hotel or inn is not defined. The same is true of the word boarding house as used in the ordinance. On page 11 under section 7 of the Building Zone Amended Ordinance, there is required a certificate of occupancy to be issued by the building inspector as a prerequisite to the use of the building, which certificate must show that the premises and proposed use conform to the ordinance. As indicated, defendants have the benefit of such a certificate duly issued. It gives permission to use the premises for occupancy "as a boarding house and for no other purpose." Since its issuance defendants have conducted a guest boarding and rooming house (see Building Zone Amended Ordinance, art. IV, § 1, subd. A, par. [i]). Their right so to do has not been challenged by any public authority nor by anyone save plaintiff, their next-door neighbor. The ordinance does not limit the number of boarders or roomers, but does provide that toilet and bath facilities are to be provided for each five occupants of any structure. The evidence is undisputed that all legal prerequisites to the conduct of a boarding house have been complied with. Defendants expended $25,000 in alterations and improvements.

A hotel or inn is defined in *Alsberg* v. *Lucerne Hotel Co.* (46 Misc. 617) in effect as a resort where all who conduct themselves properly and are able to pay are received if there is accommodation for them and who without any stipulated engagement for their stay or as to the rate of compensation while there are supplied at a reasonable charge with their meals and lodging.

In *Waitt Construction Co., Inc.,* v. *Chase* (197 App. Div. 327, 332) the court in a way here pertinent held that a hotel to which persons resort for health and pleasure only and not for entertainment in the course of a journey is not an inn, and, therefore, that a hotel at a watering place is a boarding house and may reject guests at pleasure. See, also, *Dixon* v. *Robbins* (246 N. Y. 169, 171 *et seq.*) as to definition of word " hotel " intended to be construed according to its common acceptance. *Dixon* v. *Robbins* (*supra*) is authority for the statement that a hotel is a place where *transient* guests are received and lodged.

Applying these definitions to the evidence here the defendants' institution is not a hotel even though the sign on the road at the entrance suggests " The Berkeley — American and European Plan " and the telephone listing was that of a " hotel "; for the evidence as a whole demonstrates that this place is not for the accommodation of merely transient guests, but is used wholly as a place for boarders who come to spend either part or all of their vacations for fixed periods and at fixed rates.

Therefore, it is not a hotel. It is a boarding house notwithstanding its size (forty-five rooms) and the number of its possible guests (100), which features do not characterize the ordinary smaller type of boarding house. In addition, no clerk is employed as in a hotel and there is no bar, features characteristic of most hotels.

Without further extending my views I find and decide that the defendants are conducting a boarding house within the purview of the ordinance. On this finding, also, it is in order to dismiss the complaint.

Complaint dismissed, in all circumstances, without costs in favor of any defendant. I think that a situation existed which warranted the test made by the plaintiff in bringing this action. Settle decision and judgment on notice. The plaintiff may present requests to find upon which I will pass.