In the Matter of KURT VON DER HEIDE, Petitioner, against ZONING BOARD OF APPEALS OF THE TOWN OF SOMERS, WESTCHESTER COUNTY, et al., Respondents.

Supreme Court, Special Term, Westchester County, July 25, 1953.

*Adolph I. King* for petitioner.

*Nathan Leinkram* for respondents.

EAGER, J. This article 78 proceeding is brought to review a determination of the zoning board of appeals of the Town of Somers, Westchester County, which affirmed a decision of the town building inspector denying petitioner's application for a building permit to erect a motel. The petitioner is the owner of property situated in a business district in said town and located on State highway, Route 202. In January, 1953, he filed with the building inspector of the town an application for a building permit to erect a motel upon the property in question. The proposed motel was to be a rectangular shaped, four-unit structure with a breezeway in the middle and with a porch in front of the entire structure, there being two units on each side of the breezeway and each of the units consisting of a bedroom and bathroom. The plans called for a parking area in front of the structure.

The building inspector denied the application for the permit upon the ground that the town zoning ordinance did not permit a motel in a business district. Thereupon, the petitioner appealed from the inspector's denial to the board of appeals, and after a public hearing, the said board expressly held that a motel was not a permissible use for the premises under the zoning ordinance and affirmed the decision of the building inspector.

The petitioner contends that the action of the building inspector and of the board of appeals is erroneous, arbitrary and contrary to the provisions of the ordinance in that the ordinance expressly permits the erection and maintenance of an " inn " in a business district, the petitioner claiming that a motel is an inn or a sort of an inn. This is the only point before the court, that is, whether a motel is included within the term " inn " as used in the said ordinance. The appeal to the board of appeals was not made or considered as an application for a variance, and there is no proof or claim of hardship. There is no question of fact and the matter is, therefore, to be disposed of by this court without the necessity of a trial.

Subdivision A of section 9 of article II of the ordinance, entitled " Permitted Business Uses " provides, in effect, that no structure shall be erected in any business district except for certain purposes specifically listed in said subdivision or as elsewhere in the ordinance specifically provided. Uses not specifically provided for are prohibited. Among others, the following is listed as a permitted use for property in a business district, to wit: " 6. Tearoom, boarding house or inn ".

The petitioner claims that his proposed motel is authorized by this provision.

It seems conceded, and in any event, it is clear that the proposed motel is not embraced within the term "boarding house", particularly in view of certain provisions of the ordinance that no boarding house shall be operated unless the operator thereof shall be the owner of the premises and reside therein. Therefore, the determination of this proceeding, as counsel seem to agree, depends upon the answer to the question whether a motel may be considered as an "inn" or embraced within that term as used in the ordinance. The question has been exceptionally well argued and briefed by both counsel. There is no decision in point. The court has located only one decision involving a controversy as to whether a "motel" was a permitted use under the provisions of a local ordinance, to wit, *Long* v. *Township of Norton* (327 Mich. 627). That decision is not helpful because it merely held that the proposed motel was a permitted use as within the classification of a "multiple dwelling" as defined by the special provisions of the ordinance there before the court. In the ordinance under consideration in the present proceeding, however, there is, in fact, no provision authorizing a multiple dwelling in any zoned district in the town.

It is clear that the term "inn" as used in the ordinance before this court, is to be given its ordinary meaning. It is so expressly provided by section 2 of article I (final paragraph) of the ordinance. And, in any event, as Mr. Justice Coyne of this court has so aptly said, "Words used in an ordinance will not be extended beyond their ordinary meaning to include uses not customarily incidental to the uses permitted by the words." (*Matter of Colasuonno* v. *Dassler*, 183 Misc. 904, 906.) The court generally has no right to enlarge upon the commonly accepted definition of a word used in a zoning ordinance, for to do so would be to legislate rather than to construe. Of course, if a particular word is expressly defined in the ordinance, the court would be bound by the specified definition, but the word "inn" is not defined in this particular ordinance.

The court has come to the conclusion that the petitioner's motel is not an "inn" within the ordinary meaning of such word. True, the word "motel" is a coined and modern word derived from, and an abbreviation of the words "motorists' hotel", i.e., "motel" (Webster's New Collegiate Dictionary, 1949; Funk & Wagnalls New Std. Dictionary, 1951), and

the word "inn" in present day use is synonymous with the word "hotel". (See *Dixon* v. *Robbins,* 246 N. Y. 169, 172.) But a motel is commonly understood to be an establishment essentially different from an inn or hotel in design, purpose and use. From early times, an inn or hotel was "'A house of entertainment for travelers,'" or "'A house where a traveler is furnished, as a regular matter of business, with food and lodging while on his journey.'" (*Waitt Constr. Co.* v. *Chase,* 197 App. Div. 327, 331.) An inn or hotel more elaborately defined, may be considered as an establishment where guests, transient or otherwise, are lodged for a consideration and where they may receive for a consideration, meals, maid or room-service, telephone or desk service and all other necessities, conveniences and facilities to completely take care of all their ordinary and proper wants, day and night, for a stay of one day, several days or a long period. On the other hand, a motel, as one generally understands the term, and as typified by the building sought to be erected by this petitioner, merely furnishes the transient guest with sleeping quarters and bath and toilet facilities, with linen service and a place to park his car.

That there is a distinction between a hotel or inn on the one hand and a motel or a tourist cabin establishment on the other hand is recognized by legislative and administrative bodies. For instance, section 204 of the General Business Law, prescribes as to the keeping of a register by the proprietor or manager of a hotel, tavern, inn, boarding or lodging house, under certain conditions, while section 204-a thereof is a special enactment providing for the keeping of a register by the proprietor or manager of any "tourist cabins". Also the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission recognize the distinction by separately defining a hotel and a motor court. (See said State Rent and Eviction Regulations, § 3, subd. 7; § 9, subd. 7.)

Furthermore, the determination of the present proceeding turns upon what the members of the local legislative body meant when they used the word "inn" in the ordinance. The court is of the opinion that they did not have in mind a motel, and therefore, the court believes that the determination of the zoning board of appeals is to be sustained. The proceeding is dismissed, without costs.

Submit order on notice.