426 P.2d 9

**Jerry SINE and Dora T. Sine, his wife,
Plaintiffs and Appellants,**

v.

**WESTERN TRAVEL, INC., a corporation,
Hyatt Chalet Motels, Inc., a corporation,
and Harold Butler Enterprises No. 115, Inc.,
a corporation, Defendants and Respondents.**

No. 10633.

Supreme Court of Utah.

March 31, 1967.

Richards, Bird & Hart, Salt Lake City, for appellants.

Howard & Lewis, Provo, Brant H. Wall, Van Cott, Bagley, Cornwall & McCarthy, Clifford L. Ashton, Salt Lake City, for respondents.

TUCKETT, Justice:

The plaintiffs commenced these proceedings in the court below seeking to restrain the defendants from continuing with the construction of a restaurant on a tract of land located on North Temple Street in Salt Lake City. After trial the court dismissed the plaintiffs' complaint. The plaintiffs are here seeking to have that judgment reversed.

In the year 1956 plaintiffs were the owners of the land on which construction of the restaurant was commenced. The plaintiffs were also the owners of a large motel west of the property here in question and also another motel situated on the same street and further west. In the year 1956 the plaintiffs sold their interest in the property to a predecessor in ownership and title to the defendant, Western Travel, Inc., the present owner. The plaintiffs being concerned with the establishment of a competing business in the neighborhood, included in the conveyance a restrictive covenant which reads as follows: "This property shall not be used for the erection of a motel thereon."

Prior to the commencement of these proceedings Western had acquired title to property adjoining the land here in question

on which the restaurant was being constructed. Western had leased adjoining property to the defendant, Hyatt Chalet Motels, Inc., and the latter had built and was operating the motel thereon. The tract subject to the restrictive covenant and some additional land was conveyed by Western to Harold Butler Enterprises, which in turn conveyed to Hyatt Chalet Motels, Inc., which in turn leased the property to Butler Enterprises for the purpose of the construction and operation of a restaurant. In March, 1965, the defendant Butler commenced the construction of the restaurant building upon the premises. On May 6, 1965, the plaintiffs commenced these proceedings for the purpose of enjoining the defendants from proceeding with the restaurant construction claiming that the same was barred by the restrictive covenant above mentioned.

The construction of the restrictive covenant was before this court in the case of Metropolitan Investment Co. v. Sine,[1] and the court upheld the contention of the Sines that the covenant was effective to prohibit the construction of a motel on the property. We are now asked to construe the covenant so as to prohibit the construction and operation of a restaurant. The restaurant as constructed had no physical connection with the motel built upon the adjacent property, nor was it being operated under the same management. We are of the opinion that the trial court was correct in determining that the restriction did not include a restaurant. It would seem that had the plaintiffs intended to broaden the restriction to include restaurants, it would have been a simple matter to have done so by adding the word, "restaurant," to the restriction included in the deed. While it is true that restaurants are often established and operated in connection with motels, the term, "motel," is not necessarily broadened thereby.

Our attention has not been directed to any case, nor do we find any, which would indicate that the ordinary usage of the term, "motel," would include the term, "restaurant," and we are inclined to believe that the decided cases are to the contrary.[2]

The judgment of the trial court is affirmed. Costs to the respondents.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

[1]. 14 Utah 2d 36, 376 P.2d 940.

[2]. Schermer v. Fremar Corp., 36 N.J.Super. 46, 114 A.2d 757; Von Der Heide v. Zoning Board, 204 Misc. 746, 123 N.Y.S. 2d 726.