Bentley Kassal, J.
Plaintiff is a resident of the Master Hotel, located on Riverside Drive in Manhattan and he has resided there since September 22, 1971 under a written lease. His small claims action is against the hotel for the loss of personal property presumably stolen from his room.
The lease which is a standard printed form refers to the lease of Apartment No. 615 for an 11-month period commencing September 22, 1971, at a monthly rental of $150. Among the clauses in this lease is the standard paragraph providing *291 that the landlord is only liable for damage or injury resulting from the negligence of the landlord or its employees.
Although not specified in the lease, the landlord provides some “hotel” services, such as maid service and telephone switchboard, both included in the rental. The maid, who cleans daily, has access to this apartment through a key retained by the housekeeper.
On March 6, 1972, after the tenant had been there for about six months, he returned to his room to discover that numerous items of personal property were missing, including a radio, camera, clock, a number of coins and a fur cap.
At the conclusion of the trial, I made a finding of fact on the record that no negligence had been proved by the plaintiff.
The sole issue is whether the relationship of the parties is that of “ innkeeper and guest ” or “ landlord and tenant ”. As a guest, plaintiff would be entitled to the protection of the common-law rules relative to an innkeeper’s liability and sections 200 and 201 of the General Business Law. As a tenant, he would be precluded by his lease from recovery in the absence of any showing of negligence on the part of the landlord.
At common law, the liability of an insurer was imposed on an innkeeper to protect travelers who, while on their journey had stopped in transit for food and lodging. (Dixon v. Robbins, 246 N. Y. 169; Mason v. Hotel Grand Union, 41 N. Y. S. 2d 309 ; 27 New York Jur., Hotels, Restaurants and Motels, § 62.) This protection was no longer afforded a guest if he entered into a special contract with the innkeeper which changed his status from that of a hotel “guest” to a boarder or lodger.
A key case concerning the applicability of the innkeeper’s liability rule to those residing in hotels is Hackett v. Bell Operating Co. (181 App. Div. 535). Plaintiff in that case occupied a suite of rooms in the Hotel Netherland in Manhattan under a written lease for 6 months. Some tennis trophies were stolen from his suite while he was absent and he sought to invoke the inkeeper’s liability rule, maintaining that he was a guest entitled to such protection. The court disagreed and ruled that he was a roomer or lodger to whom the landlord only owed the duty to exercise reasonable care. It was held (p. 536) that the innkeeper’s liability “ exists only in the case of one who is a traveler and seeks the hospitality of the inn as a transient guest ” (emphasis added).
*292 A review of the numerous decisions in this field demonstrates that there are many factors to be considered in making the distinction between a guest and a tenant or lodger. Among these are how long the occupant is residing there and for what purpose, whether there is a written or oral lease, what rights and duties are set forth therein, what services are provided by the hotel management, whether rent is paid daily, weekly or monthly, what kind of furnishings are in the premises and to whom they belong, whether possessions of the occupant indicate an intention on his part to be there for a temporary or more lasting period.
Viewing the case at bar in the light of these criteria, I conclude that the plaintiff is not a guest, to be treated like a transient or traveler at an inn, but rather is a tenant on a regular and permanent basis. (Waitt Constr. Co. v. Chase, 197 App. Div. 327, affd. 233 N. Y. 633.)
The effect of this rule is that the management of a hotel, probably even this one, will have different responsibilities to occupants, depending upon their status, even where such persons occupy identical accommodations. Nevertheless, this is completely consistent with the rationale behind the common-law rule imposing liability.
Therefore, since there was no negligence on the part of the defendant and since plaintiff was not a “ guest ” in defendant’s hotel, judgment will be entered for the defendant dismissing the complaint herein.