OPINION OF THE COURT
Lewis R. Friedman, J.
In this holdover proceeding to remove respondent from petitioner’s residence, one of respondent’s counterclaims is for rent overcharges and triple damages pursuant to section 206 of the General Business Law. Petitioner’s motion for a directed verdict requires construction of General Business Law *951 § 206, an important statute regulating hotels, which requires the posting of room rates. The posting requirement has not been discussed in the reported cases in the more than 100 years since the statute was first enacted.
On this motion at the close of the case, the evidence must be taken in the light most favorable to the respondent. (Parvi v City of Kingston, 41 NY2d 553, 554; Andersen v Bee Line, 1 NY2d 169, 172; Hylick v Halweil, 112 AD2d 400; Nicholas v Reason, 84 AD2d 915; CPLR 4401.) On that basis there is no reason to submit the counterclaim to the jury.
Respondent has been a tenant at the McBurney Branch of the YMCA, at various times since January 1986. During each stay he was charged and, until October 1986, paid the rate of $22 per day; the rate included $21.25 for rent and 75 cents for "membership dues”. A notice with the rates and copies of sections 200, 201, 203-a, 203-b and 206 of the General Business Law is posted in each room. For the time at issue, the posted rate for each room occupied by respondent was "$20.00 per day”.
The relevant portion of General Business Law § 206 provides: "Every keeper of a hotel or inn shall post in a public and conspicuous place and manner in the office or public room, and in the public parlors of such hotel or inn, a printed copy of this section and sections two hundred and two hundred and one, and a statement of the charges or rate of charges by the day and for meals furnished and for lodging. No charge or sum shall be collected or received by any such hotel keeper or inn keeper * * * for a higher rate of charge for the use of such room or board, lodging or meals than is specified in the rate of charges required to be posted by the last preceding sentence”. The penalty for a violation of the section is that "the offender shall forfeit to the injured party three times the amount so charged, and shall not be entitled to receive any money for meals, services or time charged.”
Section 206 is penal in nature. It is also in derogation of the common-law right of a hotel or inn to contract for its service to its guests. Therefore, it must be strictly construed in favor of the hotel. (Transit Commn. v Long Is. R. R. Co., 253 NY 345; Faingnaert v Moss, 295 NY 18, 23; Osborne v International Ry. Co., 226 NY 421; Freeman v Kiamesha Concord, 76 Misc 2d 915, 919-920; cf., Ramaley v Leland, 43 NY 539, 541 [discussing the predecessor to General Business Law § 200].)
The cause of action requires that the respondent prove that *952 the YMCA is operating a "hotel” or "inn”. The facts in that regard are not in dispute. Petitioner operates a "residence” that provides rooms for transient guests. The basic rental is a daily rate although there are 130 long-term residents who rent by the week, either as "students” or as "permanent” residents. The petitioner provides education and recreational activities at the premises but does not serve meals. Petitioner claims that it rents only to "members” but the testimony establishes that anyone who pays the membership fee as part of the room rental becomes a "member”.
The terms "hotel” and "inn” should first be examined in light of the customs and usage at the time General Business Law § 206 was enacted. (City of Poughkeepsie v Town of Poughkeepsie, 52 Misc 2d 721, affd 37 AD2d 852; Beers v Hotchkiss, 256 NY 41, 55-57.) The term " 'hotel’ is in the common acceptance of the word synonymous with 'inn,’ especially an inn of the better class”. (Dixon v Robbins, 246 NY 169, 172; see, Cromwell v Stephens, 3 Abb Prac [NS] 26 [1867]; People v Jones, 54 Barb 311, 316-317 [Gen Term 1863].) The "word 'inn’ at common law meant a place where a traveler is furnished with both lodging and entertainment, including food.” (Dixon v Robbins, supra, at 172; People v Jones, supra, at 316.) Under the common-law definition petitioner does not operate an "inn” since its residence does not provide ancillary services of the kind previously associated with "inns”.
Obviously, the conditions of travel and the nature of accommodations offered to transients have changed in the past century. (See, Freeman v Kiamesha Concord, 76 Misc 2d 915, 921, supra; Friedman v Shindler’s Prairie House, 224 App Div 232, 236 [3d Dept 1928], affd 250 NY 574.) A more modern interpretation of the term "hotel” includes any place where "transient guests are received and lodged.” (Dixon v Robbins, supra, at 173; Waitt Constr. Co. v Chase, 197 App Div 327, 331 [1st Dept 1921].)
The courts have generally held that whether an establishment is a "hotel” is, generally, a question of fact for the jury. (Friedman v Shindler’s Prairie House, supra; Goncalves v Regent Intl. Hotels, 58 NY2d 206, 217.) The court must, however, make a threshold determination as a matter of law whether there is a real controversy on the facts. (Licari v Elliott, 57 NY2d 230, 237-238; Basso v Miller, 40 NY2d 233, 241-242.) Without doubt, petitioner’s establishment is a "hotel” within the meaning of General Business Law § 206. The only argument to the contrary is that petitioner caters only to *953 "members”. Under the undisputed testimony here, membership is open to anyone, without any requirement other than registration for a room. Thus, the court need not submit to a jury the question of whether this is a "hotel”.
In order to establish a cause of action, respondent must show that the rate charged exceeded the rates posted "in the office or public room, and in the public parlors” (General Business Law § 206). Thus, although it appears to be a nearly universal practice of the hotel industry to post rates in the rooms, General Business Law § 206 does not refer to rates that are posted in the bedrooms.
The legislative history makes it clear that the charges under General Business Law § 206 are those posted in the public parts of the hotel. In 1867 the Legislature enacted the predecessor of section 206. That statute (L 1867* ch 677, § 2) provided for the posting of rates "in the office or public room and in every bedroom”. That language was continued in the 1871 revision (L 1871, ch 802) but was changed in 1883 to the current formulation, which does not refer to the "bedrooms”. (L 1883, ch 227, § 3.)
A similar series of statutes, enacted at about the same time, altered the posting requirement of General Business Law § 200. An innkeeper who provides a "safe” had limited liability if notices are posted "in the room or rooms occupied by such guest, in a conspicuous manner”. (L 1855, ch 421.) In 1883, in the same law that amended the predecessor to section 206 (L 1883, ch 227), the Legislature amended the 1855 statute to change the place of posting by deleting the posting in the rooms. (See, Zaldin v Concord Hotel, 48 NY2d 107, 115, n 6.)
The language of General Business Law §§ 200 and 206 as to the location of the posting has remained the same since 1883. In 1959 the Legislature enacted General Business Law § 206-b (L 1959, ch 306), applicable to "motels and motor courts”; that section requires the owner to "[p]ost [the rates] in a conspicuous place or manner in each and every rental unit”. The failure of the Legislature to change General Business Law §§ 200 and 206 to conform to the new language of General Business Law § 206-b makes it clear that only in "motels” and not in "hotels” are the rates required to be placed in each room. That legislative distinction "should not be disturbed”. (Goncalves v Regent Intl. Hotels, 58 NY2d 206, 216, supra.) Without doubt, petitioner does not operate a "motel”.
The legislative purpose of requiring the rates to be posted in *954 the public areas specified is clear; "it was recognized that these were the places most frequented by persons coming into the hotel and, therefore, notice posted in such places was most likely to be seen by patrons and prospective guests”. (Epp v Bowman-Biltmore Hotels Corp., 171 Misc 338, 341.) Section 206 was enacted to protect travelers who "would be easy prey to unscrupulous innkeepers, who might exact unreasonable charges and enforce collection via a friendly constable and utilization of the innkeepers’ lien.” (Freeman v Kiamesha Concord, 76 Misc 2d 915, 921, supra.) In order to emphasize the importance of posting rates at the places accessible to the public, in 1973 (L 1973, ch 113) the Legislature enacted General Business Law § 206-d, which requires that, in addition to other rate notices, a rate schedule must be posted "at the place maintained for the registration of guests so that it can be easily and readily seen and read by guests registering”. The Legislature could reasonably conclude that it did not make sense to mandate rates to be posted in rooms where they would only be seen by guests who had already agreed to pay a particular charge.
Respondent, in support of his cause of action under General Business Law § 206, did not prove whether rates were posted in the required public places or whether the rates charged exceeded the posted rates. Petitioner is, therefore, entitled to judgment on that counterclaim.